11 KUHN, J.,
dissenting.
I would affirm the trial court’s judgment because it is based on factual findings that are not manifestly erroneous or clearly wrong. As the trier of fact, the trial court was required to determine whether the Melders intended that the farming operations were a hobby or a business pursuit. The trial court found that Mr. Melder’s activities were a hobby and the record supports that finding. The Melders both testified that the farming operations were a hobby for Mr. Melder. Mrs. Melder explained that raising the cattle was like “tranquilizers” for her husband to relieve the frustrations he had while working as a school principal. Mr. Melder also testified that he enjoyed raising the cattle and “loved to get out and fool with [the cattle].” He considered them “just a hobby.” In oral reasons for judgment, the trial court stated in pertinent part that it “was very impressed with the forthrightness and credibility of Mr. Melder. He testified straightforwardly without evasion, and the Court fully believed his testimony.”
The trial court’s finding is also supported by the testimony of the Melders’ tax preparer, Elisa Jeansonne. In her professional opinion, Mr. Melder’s farm operations were a hobby. Mrs. Jeansonne testified that since the Melders’ tax return had reflected a loss for many years, they basically were engaged in a hobby and should not have continued to claim losses associated with the farming operations. Mrs. Jeansonne explained that the Internal Revenue Service can | ¡.consider a farm that does not show a profit for three to five years to be a hobby and disallow losses previously claimed. Because the Melders are subject to the Internal Revenue Service’s auditing procedures, the losses claimed in previous tax years may ultimately be disallowed. However, the manner in which these activities are treated for tax purposes should not control whether the Melders losses are covered by their homeowners’ policy.
Further, the record establishes that at the time of the fire and resulting loss, the Melders did not own any cattle. Although the evidence establishes that the Melders had recently baled some hay, the evidence does not establish that the hay was being baled for the purpose of selling it. Mr. Melder testified that after he sold the cattle, he cut the grass and baled the hay, or he let someone else perform the hay-baling so that he could keep his property clean and plant rye grass.
Accordingly, the record supports the trial court’s finding that the shed, equipment, and tractor were not used for a business purpose. Additionally, I would find that the tractor was otherwise insured under the policy language.
For these reasons, I would affirm the trial court’s judgment.